IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24-cv-2864-JPM-tmp |
| | ) |
| SHELBY COUNTY GOVERNMENT, | ) |
| DR. MICHELLE TAYLOR, *in her individual and official capacity*, and JAMES GLOSTER, *in his individual and official capacity*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the court is *pro se* plaintiff Gerald Kiner's "Request for Sanctions and Response in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment," filed on December 30, 2024.[1] (ECF No. 18.) As its title suggests, Kiner's motion serves as both his response to defendants Shelby County Government, Michelle Taylor, and James Gloster's (collectively the "County") motion to dismiss, and a motion for sanctions against the County under Federal Rule of Civil Procedure 11. (Id.)

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Rule 11 requires that motions for sanctions be made separate from other motions and that they be served under Federal Rule of Civil Procedure 5 twenty-one days before filing with the court. Fed. R. Civ. P. 11(c)(2). The latter requirement is known as the "safe-harbor provision." See Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764, 767 (6th Cir. 2014). "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion." Id. (citing Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997)); see also Feaster v. Chambers-Smith, No. 1:22CV313, 2025 WL 899014, at *4 (S.D. Ohio Mar. 25, 2025) (declining to award Rule 11 sanctions where the plaintiff failed to comply with the safe-harbor provision).

Kiner's motion fails for several reasons. First, there is no indication that he complied with the safe-harbor provision. He filed his motion for sanctions and response to the County on the same day that the County filed its motion, December 30, 2024. (See ECF Nos. 17, 18.) He did not certify that he served the motion on the County twenty-one days prior, and his request is largely based on the arguments within the County's motion. (See ECF No. 18.) Kiner's failure to comply with the safe-harbor provision thus precludes imposing sanctions. See Penn, 773 F.3d at 767. Next, the undersigned entered a report and recommendation on May 30, 2025, recommending that Kiner's

complaint be dismissed for lack of standing. (ECF No. 23.) The undersigned addressed Kiner's motion there and found both that it was procedurally improper and that Kiner had not identified any conduct warranting sanctions. (Id. at PageID 310 n.12.) The undersigned reiterates here that Kiner's motion is procedurally improper because it was not made separate from his response to the County's motion as is required by Rule 11. And the conduct that Kiner identifies—the arguments the County raises in its motion to dismiss—does not warrant sanctions because the undersigned has found that the County's arguments support dismissal of Kiner's complaint. (See id. at PageID 314-21.) Consistent with these findings and Kiner's failure to comply with the safe-harbor provision of Rule 11, the undersigned recommends that Kiner's motion be denied.

      Respectfully submitted,

                s/Tu M. Pham
                TU M. PHAM
                Chief United States Magistrate Judge

                June 17, 2025
                Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**