# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:24-cv-028644-JPM-tmp |
| v. ) | |
| ) | |
| SHELBY COUNTY GOVERNMENT, ) | |
| DR. MICHELLE TAYLOR, in her ) | |
| individual and official capacity, and ) | |
| JAMES GLOSTER, in his individual and ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS, DENYING PLAINTIFF'S REQUEST FOR SANCTIONS, AND DISMISSING CASE WITH PREJUDICE

Before the Court are two Report and Recommendations ("R&Rs") of Chief United States Magistrate Judge Tu M. Pham, entered on May 30, 2025, and June 17, 2025, respectively. (ECF Nos. 23, 27.) Also before the Court are the following filings:

- Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment, filed by Defendants Shelby County Government, Dr. Michelle Taylor,[1] and James Gloster ("Gloster") (collectively, "Defendants" or the "County") on December 30, 2024, (ECF No. 17); and

- Request for Sanctions and Response in Opposition to Defendants' Motion to Dismiss, filed by Plaintiff Gerald Kiner ("Plaintiff" or "Kiner"), on December 30, 2024, (ECF No. 18).

---

[1] During the relevant period of time, Dr. Michelle Taylor was the Director of the Shelby County Health Department. (See ECF No. 17 at PageID 159.)

The Magistrate Judge recommended the Court deny Plaintiff's motion for sanctions as procedurally improper and substantively insufficient. (See ECF No. 27 at PageID 352.) The Parties did not file any objections.

The Magistrate Judge also recommended the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's case for lack of individual standing. (See ECF No. 23 at PageID 320.) Plaintiff filed a timely objection to which Defendants timely responded. (ECF Nos. 24, 25.)

The Court **ADOPTS** the R&Rs of the Magistrate Judge, **DENIES** Plaintiff's Request for Sanctions, **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES WITH PREJUDICE** Plaintiff's case.

## I.    BACKGROUND[2]

### A.    The CDC Grant Letter of Interest

On July 8, 2024, the County posted notice (the "Notice") to the public of a single source purchase on the County's website, inviting vendors to submit letters of interest related to a Centers for Disease Control grant award to Shelby County Healthy Start Initiatives ("CDC Grant").[3] (ECF No. 17-3 at PageID 180–81.) Vendors were instructed to submit their letter by July 15, 2024, at 2:30 p.m. to County employee Sherry Money ("Money") at the email address "sherry.money@shelbycountytn.gov." (Id. at PageID 183.)[4]

On July 14, 2024, at 9:58 p.m., Kiner emailed Money at the correct email address, inquiring about the identity of the single source vendor as set forth in the Notice and expressing his intent to

---

[2] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (ECF No. 23 at PageID 303–13.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

[3] "Single source" is a designation the County utilizes in its procurement process. According to the County, "[a] single source procurement occurs when a single source is not a sole source but circumstances make it necessary or beneficial to purchase from the source without utilizing the open bid process." (ECF No. 17-5 at PageID 198.)

[4] Money's job title is Administrative Services Specialist II for the County Purchasing Department. (ECF No. 17-3 at PageID 180.)

submit a letter of interest. (Id. at PageID 181, 184.) Money replied on July 15, 2024, at 8:30 a.m., directing Kiner to submit his information request to "publicrecords@shelbycountytn.gov." (Id. at PageID 184.) At 12:10 p.m., Kiner sent an email to "publicrecords@shelbycountytn.gov," requesting the identity of the single source identified in the Notice. (ECF No. 17-4 at PageID 187.) Kiner also copied County employee John Marek ("Marek"), who served as an Assistant County Attorney at that time and assisted with processing public records requests. (Id. at PageID 186-87.)

Earlier that morning, at 12:40 a.m., Kiner also had sent an email addressed to "sherry.money@shelbycountyn.gov"—omitting the second letter "t" from the County's email domain—and Marek, attaching a letter of interest on behalf of his organization, Daughters of Zion. (Id. at PageID 189–95.)[5] Money did not receive any emails from Kiner on July 15, 2024. (ECF No. 17-3 at PageID 181.)

On October 28, 2024, the County awarded the contract for the CDC Grant to the University of Memphis. (ECF No. 1 at PageID 4.)

**B.    Complaint**

On November 8, 2024, Kiner filed his pro se complaint asserting civil rights violations under 42 U.S.C. § 1983. (ECF No. 1.) Kiner broadly alleges a pattern of corruption, bid rigging, and exclusion of minority-led organizations in the County's award of procurement contracts. (Id.) The gravamen of his Complaint is that the County violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment when it awarded the contract for the CDC Grant to the University of Memphis rather than his organization, Daughters of Zion. (See, e.g., id. at PageID 3–4.)[6]

---

[5] Marek avers by affidavit that he "disregarded this email since it was addressed to Ms. Money, addressed purchasing matters, and did not address a public records request." (ECF No. 17-4 at PageID 186.)

[6] Kiner also mentions his organization All About You Home Healthcare. (ECF No. 1 at PageID 3). His Complaint, however, focuses on Daughters of Zion. (See ECF No. 1.)

Kiner alleges that the County's bidding process harms minority-led organizations such as Daughters of Zion. (See, e.g., id. at PageID 26.) The majority of the Complaint focuses on the alleged exclusion of Daughters of Zion from this specific contract.[7] As a result, Kiner alleges that "[he] and his organizations have suffered financial harm, reputational damage, and exclusion from a fair contracting opportunity." (Id. at PageID 31.) Kiner does not allege facts demonstrating how he or his organization suffered reputational harm or how he suffered injury independent from Daughters of Zion. (Cf. id.)

Kiner seeks "emergency injunctive relief in his favor," including awarding Kiner money damages in the amount of $6 million in compensatory damages and $100 million in punitive damages; entering a declaration that the County violated his rights; halting the County's current and pending single and sole source contracts; ordering the County to contract with a third party for its procurement; and requiring that all of the County's single and sole source contracts be subject to judicial review for the next five years. (Id. at PageID 38–39.)[8]

Kiner attaches over sixty pages of exhibits to his Complaint, including screenshots of emails purportedly sent to the County, such as the one with his letter of interest attached; transcripts from a hearing regarding the disputed contract and from a County Commissioners' meeting; and two community honors Kiner has received. (ECF No. 1-1.) The screenshot of the email with his letter of interest, however, does not show to whom the email was sent or the recipient email address. (Id. at PageID 47.)

---

[7] Kiner also alleges that the County did not award Daughters of Zion the CDC Grant as retaliation for the multiple lawsuits Kiner has filed against the County. (E.g., id. at PageID 2.)
[8] Kiner requests that the Court award twenty-five percent of the punitive damages to him so that he can "establish a fund providing grants and contracts to Shelby County minority-owned and female owned [sic] business." (Id. at PageID 38.)

4

### C.     Motion to Dismiss

The County filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment on December 30, 2024.  (ECF No. 17.)  The County argues that Kiner lacks standing both facially and factually.  (ECF No. 17-1 at PageID 168–73.)

In its facial challenge, the County argues that Kiner is bringing claims on behalf of his organization, Daughters of Zion, rather than himself.  (Id. at PageID 168.)  Because Kiner is not a licensed attorney, the County argues that he may not represent his organizations pro se under 28 U.S.C. § 1654.  (Id.)  Furthermore, the County argues that the allegations in the Complaint relate exclusively to harms suffered by Daughters of Zion, and that Kiner does not allege any injury personal to him.  (Id. at PageID 169–71.)  As such, the County argues Kiner lacks standing.

In its factual challenge, the County argues that Kiner lacks constitutional standing because he has not suffered an injury in fact. (Id. at PageID 172–73.) According to the County, Kiner "simply did not submit a letter of interest to the Shelby County Purchasing Department on behalf of Daughters of Zion."  The County avers Kiner made a typographical error in Money's email address—failing to include the second "t" in the "shelbycountytn.gov" domain—and thus did not submit a letter of interest to the necessary recipient.  (Id. at PageID 172.)  Because of this, the County argues, Daughters of Zion has only suffered "a hypothetical injury."  (Id. at PageID 173.)

In support of its factual challenge, the County provides the affidavits of three County employees: Money, Marek, and Gloster.[9]  (ECF Nos. 17-3, 17-4, 17-5.)  In summary, the affidavits and attached exhibits reveal that Kiner emailed the letter of interest on behalf of Daughters of Zion to the misspelled "sherry.money@shelbycountyn.gov."  (See ECF No. 17-4 at PageID 189; ECF

---

[9] Gloster serves as the Administrator of Purchasing for the County Purchasing Department.  (ECF No. 17-5 at PageID 197.)

No. 17-5 at PageID 198.)  Consequently, the necessary County employee, Money, did not receive a letter of interest regarding the CDC Grant from Kiner or the Daughters of Zion by the deadline of July 15, 2024.  (See ECF No. 17-3 at PageID 181.)[10]

Kiner filed his Response in Opposition on December 30, 2024.  (ECF No. 18.)  Among other arguments, Kiner argues that he has standing in his individual capacity to bring this suit.  (ECF No. 18 at PageID 245 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)), 247–48.)  Kiner does not address the County's statement of undisputed facts or the included affidavits and exhibits.  Kiner also does not address the County's argument that he did not properly submit a letter of interest on behalf of Daughters of Zion.  Kiner also requested sanctions under Federal Rule of Civil Procedure 11.  (See id. at PageID 283.)

The County filed its reply on January 7, 2025, arguing that Kiner failed to address its substantive arguments.  (ECF No. 20.)

On January 8, 2025, Kiner filed an unauthorized sur-reply, styled "Plaintiff's Response to Defendant's Reply and Request for Additional Sanctions."  (ECF No. 22.)[11]  Of note here, Kiner argues he submitted a letter of interest "to Shelby County via email on July 15, 2024, at 12:40 AM," and that he included that same email with his Complaint.  (Id. at PageID 284.)  The attached exhibit of the screenshot of that email again does not show the email addresses of the recipients.  (ECF No. 22-1 at PageID 295.)

---

[10] Indeed, Defendant Gloster avers that "no employee of the Shelby County Purchasing Department received Plaintiff's email with the Letter of Interest on July 15, 2024."  (ECF No. 17-5 at PageID 198.)

[11] In addition to not seeking leave of court as required by Local Rule 7.2(c), Kiner's sur-reply exceeded the five-page limit set out in Local Rule 7.2(e). Though Kiner's sur-reply was procedurally improper, the Magistrate Judge nonetheless considered its arguments relevant to the Motion to Dismiss in the interest of justice.  (See ECF No. 23 at PageID 312 n.15.)  The Request for Additional Sanctions, however, is not considered.

### D.     The R&Rs

The Magistrate Judge entered the R&R on Defendants' Motion to Dismiss (the "Dismissal R&R") on May 30, 2025.  (ECF No. 23.)  Plaintiff filed his timely objection, styled "Plaintiff's Response in Opposition to Report and Recommendation," on June 4, 2025.  (ECF No. 24.)  Defendants filed their response to Plaintiff's objection on June 5, 2025.  (ECF No. 25.)[12]

The Magistrate Judge entered the R&R on Plaintiff's Request for Sanctions (the "Sanctions R&R"), included in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, (ECF No. 18), on June 17, 2025.  (ECF No. 27.)  No objections were filed.

## II.    LEGAL STANDARD

### A.    Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  Williams, 631 F.3d at 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). "In assessing the legal sufficiency of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint." Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

---

[12] Defendants imply that Plaintiff's Response in Opposition to Report and Recommendation is not a properly filed objection to the Dismissal R&R. (See id. at PageID 330.)  In the Response, Plaintiff explicitly "objects to [the] recommendation [to grant Defendants' Motion to Dismiss] and asserts" various grounds for his objections. (ECF No. 24 at PageID 323.)  As pro se litigants' pleadings should be liberally construed, the Court finds Plaintiff's Response in Opposition to Report and Recommendation is in fact a properly filed objection to the Dismissal R&R.  See Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011).

7

**B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may challenge the complaint on its face or the existence of jurisdiction in fact. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). If the challenge is facial, "the court must consider the allegations of the complaint as true." Id. (quoting Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 890–91 (3d Cir. 1977)). Review is limited to the face of the complaint, but the Court may consider "pertinent public records without conversion to summary judgment." Doe v. Yost, No. 3:20-CV-00010, 2020 WL 7398699, at *6 (S.D. Ohio Dec. 17, 2020), report and recommendation adopted, 2021 WL 1185807 (S.D. Ohio Mar. 30, 2021).

If the challenge is factual, the Court evaluates the merits of the jurisdictional claims and the plaintiff bears "the burden of proof that jurisdiction does in fact exist." RMI Titanium, 78 F.3d at 1134 (quoting Mortensen, 549 F.2d at 890–91). Under a factual attack, "no presumptive truthfulness applies to the allegations." Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." Id.

**C.     Report and Recommendation**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." Dionne v. U.S. Navy, No 2:24-cv-02027-MSN-cgc, 2024 WL 5245093, at *1 (W.D. Dec. 30, 2024) (citing Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509

8

(6th Cir. 1991)) (emphasis omitted). The "failure to properly file objections constitutes a waiver of appeal." Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Court reviews de novo only those portions of the recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the remainder, "the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; Howard, 932 F.2d at 509 (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").

## III. ANALYSIS

### A. Sanctions

Without any objections filed to the Sanctions R&R, the Court reviews it for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

The Magistrate Judge recommended that Plaintiff's Request for Sanctions, (ECF No. 18), fails "for several reasons":

> First, there is no indication that [Kiner] complied with the safe-harbor provision. He filed his motion for sanctions and response to the County on the same day that the County filed its [Motion to Dismiss], December 30, 2024. (See ECF Nos. 17, 18.) He did not certify that he served the motion on the County twenty-one days prior, and his request is largely based on the arguments within the County's motion. (See ECF No. 18.) Kiner's failure to comply with the safe-harbor provision thus precludes imposing sanctions. See [Penn, LLC v. Prosper Bus. Dev. Corp.], 773 F.3d [764,] 767 [(6th Cir. 2014)]. Next, . . . Kiner's motion is procedurally improper because it was not made separate from his response to the County's motion as is required by Rule 11. And the conduct that Kiner identifies—the arguments the County raises in its [M]otion to [D]ismiss—does not warrant sanctions because the undersigned has found that the County's arguments support dismissal of Kiner's complaint. (See [ECF No. 23] at PageID 314–21.)

9

(ECF No. 27 at PageID 351–52.)

The Court finds no clear error with the Magistrate Judge's recommendation. Accordingly, the Court **ADOPTS** the Sanctions R&R and **DENIES** Plaintiff's Request for Sanctions.

### B.  Motion to Dismiss

The Magistrate Judge recommended the Court should dismiss Plaintiff's case because "Kiner does not have individual standing on the face of his complaint." (ECF No. 23 at PageID 317.) While the Dismissal R&R also presents the arguments and evidence in support of Defendants' factual challenge, (see id. at PageID 314–317), the Magistrate Judge ultimately did not resolve the factual challenge because the proposed conclusion on Defendants' facial challenge resolves their Motion to Dismiss. (See id. at PageID 317.)

####    i.   Objections and Standard of Review

Kiner raises four objections in his Response to the Dismissal R&R. (ECF No. 24.) First, Kiner makes a general objection to the recommendation of dismissal as contrary to Supreme Court precedent regarding the judiciary's role in checking unconstitutional governmental actions. (See id. at PageID 323.) Next, Kiner objects to two specific proposed conclusions of law of the Magistrate Judge: (i) Kiner's lack of standing under Article III; and (ii) Kiner's attempt to bring claims on Daughter of Zion's behalf. (Id. at PageID 324–25.) While Kiner objects to the Magistrate Judge's construction of his claims, he does not object to or address the proposed findings of fact that indicate those claims are insufficiently pleaded. Finally, Kiner objects to the Dismissal R&R's failure to address his substantive constitutional claims, which he claims are "adequately alleged" without citing to specific supporting facts or portions of the record. (Id. at PageID 325.)

Defendants contend that the Dismissal R&R "accurately and succinctly construes the facts set forth in the Complaint and the Affidavits submitted with Defendants' Motion and properly applies the applicable law as set forth in the proposed conclusions of law." (ECF No. 25 at PageID 330.)[13]

Kiner's objections are too general or conclusory to trigger de novo review of the Dismissal R&R. See Dionne, 2024 WL 5245093, at *1. First, the general objection to the recommendation of dismissal does not focus the Court's attention on any specific areas of review. See Howard, 932 F.2d at 509. Moreover, it does not address the Dismissal R&R's proposed factual findings that suggest the County never received Daughters of Zion's letter of intent due to a typographical error on Kiner's part. (See ECF No. 23 at PageID 316–17.) Plaintiff's description of his allegations as "well-pleaded" does not serve as a specific objection to such. (See ECF No. 24 at PageID 324.)

Second, Kiner's assertion that the Dismissal R&R should include a substantive analysis of his claims does not address the outcome-determinative conclusion that Kiner lacks standing to bring his claims. See Dionne, 2024 WL 5245093, at *1 (a specific objection should include "how de novo review will obtain a different result on that particular issue"). Standing is a key jurisdictional requirement, and the Court cannot address the substance or merits of Kiner's claims if the Court lacks subject matter jurisdiction over such. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990) (not reaching petitioners' statutory challenges "because petitioners have failed to show they have standing to challenge them"). Additionally, merely characterizing the

---

[13] Defendants focus mostly on the factual challenge analysis, since the facial challenge necessarily is limited to the Complaint and public filings. See Fed. R. Civ P. 12(b)(1); (ECF No. 23 at PageID 317 n.18.)

factual allegations as "adequate" or "sufficient to survive dismissal" does not trigger de novo review. See Dionne, 2024 WL 5245093, at *1.[14]

Third, Kiner's objection to the standing analysis largely mirrors his standing analysis in his Response in Opposition to Defendants' Motion. (Compare ECF No. 24 at PageID 324, with ECF No. 18 at PageID 245.) One addition is the assertion that Defendant "award[ed] a noncompetitive Single Source contract to an entity despite public opposition and known Title VI concerns. (See ECF No. 24 at PageID 324.) Kiner, however, does not cite to any supporting facts regarding the alleged "public opposition and known Title VI concerns." (Cf. ECF No. 24 at PageID 324.) Kiner also points to "official statements from Shelby County Commissioners . . . and admissions from . . . Gloster in official procurement forms." (See id.) Again, however, Kiner does not highlight specific facts therein that contradict the Dismissal R&R or show why Plaintiff would prevail upon de novo review. (Cf. id.); see Dionne, 2024 WL 5245093, at *1. Consequently, this objection also fails to focus the Court's attention on any specific areas of review. See Howard, 932 F.2d at 509.

Finally, Kiner's insistence that he brings the claims on his own behalf, not on Daughters of Zion's behalf, is not a sufficiently specific objection to trigger de novo review. This objection appears twofold: (i) an insistence that he is in fact bringing his claims in his individual capacity; and (ii) an assertion that the Magistrate Judge failed to liberally construe his pro se complaint with the flexibility afforded to pro se plaintiffs. (See ECF No. 24 at PageID 325 (citing Haines v. Kerner, 404 U.S. 519 (1972).) First, Kiner's confirmation that he is pursuing his claims in an individual capacity corresponds to his objection regarding his standing to bring this suit and does

---

[14] This objection addresses Defendants' factual challenge, which the Court need not resolve. See infra Section III.B.ii. Per the facts contained in the factual challenge, however, the evidence leans towards Daughter of Zion not being considered for the CDC Grant due to Kiner's typographical and procedural errors.

12

not raise a sufficiently specific objection to trigger de novo review thereof. See Dionne, 2024 WL 5245093, at *1. Second, regarding Kiner's Haines argument, the Dismissal R&R did not explicitly include the standard of review for pro se filings. (Cf. ECF No. 23 at PageID 313–14.) Reviewing the analysis therein, however, the Court finds the Magistrate Judge did construe Kiner's pleadings liberally. Additionally, Haines does not serve as an escape route for complaints that do not state a claim. See Kiner v. City of Memphis, No. 2:23-cv-02805-SHL-tmp, 2025 WL 1577830, at *4 (W.D. Tenn. June 3, 2025). "Though pro se plaintiffs are held to 'less stringent standards,' they must still plead sufficient facts to state a claim to relief." Id.; see also Brown, 415 F. App'x at 613.

Accordingly, the Court reviews the Dismissal R&R for clear error.

    ii.    Clear Error Review

The Magistrate Judge's recommendation of dismissal relies on the facial challenge analysis. (ECF No. 23 at PageID 317.) Accordingly, the Court confines its clear error review to the facial challenge.[15]

After analyzing Plaintiff's Complaint and the relevant public records, the Magistrate Judge recommended that the Court find that Plaintiff lacks standing because Plaintiff failed to state a claim for injury to himself "separate and distinct" from those allegedly sustained by Daughters of Zion, a nonprofit corporation. (ECF No. 23 at PageID 319–20 (quoting Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 603 (6th Cir. 1988)).)

> "[A]n action to redress injuries by a corporation cannot be maintained by an owner in [their] own name." Thomas v. Better Bus. Bureau, of Mid-S., 79 F. App'x 748, 748 (6th Cir. 2003) (citing Canderm Pharmacal[], 862 F.2d [at] 602–603[]) (affirming dismissal of plaintiff's complaint for lack of jurisdiction where plaintiff sought to assert claims for injury to his business as a pro se litigant). The thrust of Kiner's complaint relates to actions he took on behalf of Daughters of Zion, a nonprofit corporation, and the alleged injuries suffered by Daughters of Zion

---

[15] Similarly, the Court confines its review to the Complaint and public records, excluding the other evidence filed by the County. See Fed. R. Civ P. 12(b)(1); (ECF No. 23 at PageID 317 n.18.)

13

>because the County chose the University of Memphis for the CDC Grant. Indeed, at one point in his complaint he alleges that the County harmed him "*through his organizations*." (ECF No. 1 at PageID 25.) Despite Kiner's attempts to cast the lost opportunity as the County excluding him from the procurement process and causing him financial harm and reputational damage, "those injuries are not 'separate and distinct' from those suffered by" Daughters of Zion. Club Xtreme, Inc. v. City of Wayne, No. 07-15308, 2010 WL 1626415, at *5 (E.D. Mich. Apr. 21, 2010) (quoting Canderm Pharmacal, 862 F.2d at 603) (finding that plaintiff did not have individual standing for economic injuries resulting from harm to his business of which he was the sole shareholder). Apart from Kiner's conclusory allegations that the County is retaliating against him for his filing multiple lawsuits, his complaint is otherwise bereft of any indication that the County took actions toward him personally or harmed him separate and distinct from Daughters of Zion, and thus he has not stated claims on his own behalf. Cf. Cathey v. City of Memphis, No. 2:23-cv-02707-SHL-tmp, 2024 WL 4360607, at *3 (W.D. Tenn. Sept. 30, 2024) (finding that plaintiff plausibly alleged claims on his own behalf based on defendants' actions directed towards him and granting plaintiff's motion to amend). Even construing Kiner's allegations as true, he has only alleged injury derived from that of Daughters of Zion and not individual harm to himself. Accordingly, on the face of his complaint, the undersigned finds that Kiner does not have individual standing. [See] Thomas, 79 F. App'x at 748; Club Xtreme, 2010 WL 1626415, at *5.

(ECF No. 23 at PageID 318–20 (emphasis added) (footnotes omitted).)  The Magistrate Judge also correctly recognized that the Complaint's allegations of reputation harm are merely conclusory statements without any explanation or evidence.  (Id. at PageID 319 n.21 (citing, e.g., ECF No. 1 at PageID 2.)

The Court finds no clear error with the Magistrate Judge's analysis.  Accordingly, the Court **ADOPTS** the recommendation and finds that Plaintiff fails to state a claim on his own behalf and thus lacks individual standing in this matter.  Finding the Complaint states claims only on Daughters of Zion's behalf, the Court also finds that Kiner cannot "prosecute claims on behalf of Daughters of Zion as a non-attorney."  (See id. at PageID 320); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (federal law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

14

## IV.   CONCLUSION

For the above reasons, the Court **ADOPTS** the Sanctions R&R and **DENIES** Plaintiff's sanctions request.  The Court also **ADOPTS** the Dismissal R&R, **GRANTS** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, and **DISMISSES WITH PREJUDICE** Plaintiff's case for lack of standing.

**IT IS SO ORDERED** this 14th day of July, 2025.

                                                                         */s/ Jon P. McCalla*
                                                                         JON P. McCALLA
                                                                         UNITED STATES DISTRICT JUDGE